## KNUTSEN MOTOR TRUCKING CO et v KIESSLING

Ohio Appeals, 8th Dist, Cuyahoga Co
No· 10289.   Decided Jan 27, 1930

E. A. Binyon, Cleveland, for Trucking Co.
J. DeKaiser and M. C. Harrison, both of Cleveland, for Kiessling.

VICKERY, PJ.

Several errors are urged as to why this judgment should be reversed, one being that the court erred in his charge to the jury. An analysis of this so-called error will resolve itself to the fact that in its charge the court read the petition to the jury which set up the various grounds upon which the plaintiff claimed the right to recover and the court, after reading the petition, told the jury that if the plaintiff proved any one of these grounds and that that was the proximate cause of the injury, then the plaintiff would be entitled to recover.

Now the error complained of is that there was no evidence to show intoxication of the driver, for example, and perhaps other claims of negligence alleged in the petition.  It is claimed that it was the duty of the court to advise the jury that there was no evidence upon any of these grounds.  We do not so understand the law.  Generally speaking the question is submitted to the jury and it is a rather ticklish thing for a court to say to the jury that there is "no evidence" upon any one ground, for there may be a scintilla, and then the court would commit error; and so when he read these various charges of negligence to the jury and stated to the jury under proper instructions that if the plaintiff proved by a preponderance of the evidence that any one of these was the proximate cause of the injury and that the defendant was negligent in this respect. then the plaintiff

might recover such damages as he suffered.

Now it must be noted that the learned counsel for the plaintiff in error, the defendant below, did not ask any special requests in this respect. He in no wise directed the court's attention to any particular allegations of negligence in the petition nor did he ask the court to tell the jury that there was no evidence to sustain such charge or charges of negligence. We think that it was incumbent upon counsel for the defendant below to have aided the court in this respect and to have pointed out particularly to the court why the court should especially eliminate any of the charges of the petition. As the matter was submitted to the jury, we do not see that there was any error in it, and so far as this ground of error is concerned, we must sustain the ruling of the Common Pleas Court.

Another ground of error is alleged which is the more serious one and that is that the verdict was so excessive that it shows evidence of passion and prejudice on the part of the jury, and we must confess that a $20,000 verdict is rather a high verdict for personal injuries. But in reading the record in this case, the wonder is that the plaintiff escaped with his life. His car was smashed to bits, which is conceded by admitting that $1100 damages was done to the car. One whole side of the automobile was crushed in and the plaintiff had his skull fractured and a piece of the bony structure of the skull was taken out by the surgeon, and he was otherwise injured and he suffered loss. Whether he suffered to the extent that he claimed he did is not very material. He suffered a grievous injury and the case was submitted to a jury, and there was evidence to sustain the extent of his injury. I believe his index finger on his left hand was practically made useless and his face was scarred and he was otherwise bruised and wounded; and he was in the hospital for some period of time, and then went to work again, but the evidence shows that he was not able to do the same amount of work that he did before.

Now we cannot say that this verdict is so excessive that it would at once suggest passion and prejudice upon the part of the jury. The case was tried by Judge Clevenger, one of the ablest of the out of town judges that come here to try cases, and he has had much experience with juries and with litigation, and when a motion for a new trial was made and the whole matter was reviewed before him his remarks upon the question were embodied in the record and we have the benefit of his judgment; and we think this record shows, as did Judge Clevenger, that the injuries were grievous and the negligence was patent.

The driver of this truck, whether sober or intoxicated, was driving at a high rate of speed and put the brakes on as he was going down hill and the trailer swayed and swung over to the wrong side of the street and injured this plaintiff in the court below when he was upon the right side of the street and apparently was guilty of no negligence whatever. The drivers of these trucks and their owners who permitted them to be driven upon the road, must recognize the rights of other drivers upon the roads to an equal right on the road, and if they insist on driving a trailer at such a speed that it will slide and skid across the street and injure persons, they can only expect to be held liable for the damages.

We think that the judgment of the court below is sustained by sufficient evidence; that this amount does not show passion and prejudice upon the part of the jury and that the court did not commit any error in the manner in which he submitted the case to the jury. In other words, there is no error in this record that would warrant this court in reversing the judgment and it will, therefore, be affirmed.

Sullivan and Levine, JJ., concur.